IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL JENKINS III, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civ. A. No. 04-934-GMS<br>Cr. A. No. 03-13-GMS |

**MEMORANDUM OPINION**[1]

---

Samuel Jenkins III. *Pro se* petitioner.

Edmond Falgowski, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

Oct. 31, 2007
Wilmington, Delaware

---

[1] This case was re-assigned to the undersigned on October 31, 2007.

SLEET, Chief Judge

## I. INTRODUCTION

Petitioner Samuel Jenkins III ("Jenkins") filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 39.) The Government filed its answer in opposition. (D.I. 49.) For the reasons discussed, the court will deny Jenkins' § 2255 motion without holding an evidentiary hearing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On October 15, 2002, the Family Court of the State of Delaware entered a consensual Order of Protection from Abuse against Jenkins, restraining him from threatening, molesting, attacking, harassing, or committing any other act of abuse against his wife or the couple's three minor children. The order arose from Jenkins' arrest for shoving his wife during an argument in front of their children. Upon entry of the order, Jenkins became a person prohibited from possessing firearms. (D.I. 49, at 1-3; D.I. 49, Exh. D at 16-17.)

On November 11, 2002, Jenkins became angry with his wife and twelve year old daughter, Samantha, about Samantha's use of the family computer. Jenkins engaged in a shouting match with his wife in front of their children, during which he threw and smashed a plate against a kitchen cabinet. Jenkins then retrieved a sawed-off shotgun from a bedroom, returned with it to the kitchen area, and began to load it in the presence of his wife and children. Although he did not point the gun at or threaten to shoot his family, Jenkins continued to display it while also threatening to "take some cops out" if they tried "to take [him]" to jail. After his wife's repeated pleas to put the gun away, Jenkins returned the gun to the bedroom and left the

1

residence. Samantha captured these events on audio tape. (D.I. 49, at 1-3; D.I. 49, Exh. D at 18-23.)

Later that same evening, Delaware State Police officers retrieved two sawed-off shotguns from Jenkins' residence. Both guns had barrels less than eighteen inches in length, and the serial number on one of the guns had been obliterated. Neither gun was registered in Jenkins' name. (D.I. 49, at 1-3.)

When interviewed by the police shortly after the incident, Mrs. Jenkins advised that she feared for her safety, and believed that Jenkins might shoot her. Officers stayed with her until she and her children left the residence to seek refuge in a friend's home. *Id.*

Thereafter, Wilmington police officers arrested Jenkins while he slept in his car outside his place of employment. Upon his arrest, Jenkins gave an audio-taped statement in which he admitted to possession of the sawed-off shot guns. Jenkins also admitted that he had obliterated the serial number on one of the guns because he had intended to use it in a robbery several years earlier. *Id.*

On February 13, 2003, a federal grand jury returned a three-count indictment charging Jenkins with possession of a firearm by a person subject to a protection from abuse order in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2)("Count I"), possession of a firearm containing an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(2) ("Count II"), and possession of the unregistered sawed-off shotguns in violation of 26 U.S.C. §§ 5861(d) and 5871 ("Count III"). Jenkins pled guilty to Count I. In return, the Government agreed to dismiss the remaining two counts of the indictment and recommend a three-point reduction in the applicable offense level for acceptance of responsibility. (D.I. 1.)

The pre-sentence report ("PSR") recommended a four-point enhancement to Jenkins' base offense level for aggravated menacing pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2K2.1 . After taking a three-point reduction into account for acceptance of responsibility, the PSR calculated an adjusted offense level of 23. Jenkins objected to the four-point enhancement, arguing that the undisputed facts did not satisfy the elements of aggravated menacing under Delaware law, and he also moved for a downward departure under U.S.S.G. 5K2.0 for "victim input," asserting that a departure was warranted because his wife urged leniency and she was one of the victims of his abusive conduct. (D.I. 31.)

On August 21, 2003, the Honorable Kent A. Jordan conducted a sentencing hearing, and heard arguments from both parties regarding the requested enhancement and Jenkins' motion for downward departure. Based on the information provided in the PSR, as well as the factual evidence provided during the hearing (which included an audiotape), Judge Jordan found that the underlying offense (possession of a firearm by a person prohibited) was subject to the four-point enhancement for the use or display of a firearm in connection with another felony offense (i.e., aggravated menacing). (D.I. 49, Exh. D at 12-13) After hearing arguments from both parties regarding the motion for downward departure, as well as testimony from a Government witness who was a social worker with the Delaware Department of Justice, Judge Jordan concluded that a downward departure was not warranted in this case. Jenkins' criminal history, Category II, coupled with an adjusted offense level of 23, resulted in a sentencing guideline range of 51 to 63 months. Judge Jordan sentenced Jenkins to 51 months imprisonment. (D.I. 32; D.I. 49, Exh. D at 78.)

Jenkins filed a timely notice of appeal, and then, through counsel, filed a motion for voluntary dismissal of appeal. By order dated November 19, 2003, the Third Circuit granted Jenkins' motion and dismissed his direct appeal. (D.I. 49, Exhs. F and G.)

Jenkins, acting *pro se*, filed the instant § 2255 petition, and the Government filed an answer arguing that the claims in the motion should be dismissed as meritless, not cognizable on federal habeas review, or procedurally defaulted. (D.I. 49.) Jenkins' § 2255 motion is ready for review.

### III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. However, the Third Circuit has expressed a preference for an evidentiary hearing when a "defendant is convicted of a crime and alleges that his lawyer failed to appeal the conviction, and there is a potential factual dispute on this issue, the defendant is entitled to a hearing before the District Court to prove that he made the request and that the lawyer failed to honor it." *Solis v. United States*, 252 F.3d 289, 295 (3d Cir. 2001).

As explained below, the record conclusively demonstrates that Jenkins is not entitled to relief for any of his claims. Although Jenkins asserts ineffective assistance of counsel, he does not allege that counsel failed to file an appeal despite his request to do so. Accordingly, the court concludes that an evidentiary hearing is not warranted.

IV. **DISCUSSION**

Liberally reading Jenkins' § 2255 motion, he appears to assert the following seven grounds for relief: (1) counsel provided ineffective assistance by failing to inform Jenkins of the punishment he was facing, failing to perfect a proper defense, and coercing Jenkins into dropping his appeal; (2) the Government breached the plea agreement by arguing for a four-point enhancement of Jenkins' sentence in violation of his due process rights and by bringing in a witness against Jenkins at sentencing and leading her testimony; (3) the Government's witness was not qualified to testify as an expert because she was not a licensed social worker; (4) Judge Jordan erroneously applied the sentencing guidelines because the Government conceded that charges in Count I were raised due to a protection from abuse order, not from a domestic violence act, and further, domestic violence is not a felony; (5) the prosecutor improperly asserted his personal opinions during sentencing; (6) Judge Jordan admonished Jenkins and asserted his personal opinion during sentencing in violation of Jenkins' due process rights; and (7) the enhancement based on possession of a firearm by a prohibited person unconstitutionally increased Jenkins' sentence.[2]

**A. Claim one: ineffective assistance of counsel**

Jenkins has properly raised his ineffective assistance of counsel claims in a § 2255 motion rather than on direct appeal. *See United States v. Garth,* 188 F.3d 99, 107 n.11 (3d Cir. 1999); *United States v. Cocivera,* 104 F.3d 566, 570 (3d Cir. 1996); *see also United States v. Swint,* Nos. CRIM. 94-276, CIV. 98-5788, 2000 WL 987861, at *5 (E.D.Pa. July 17, 2000). To

---

[2]Jenkins' form § 2255 motion asserts four claims. Ground two of the form motion, however, actually contains four claims, and the court has thus re-numbered them as claims two, three, four, and five.

5

prevail on his ineffective assistance of counsel claims, Jenkins must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). Under *Strickland's* first prong, Jenkins must demonstrate that counsel's performance fell below an objective standard of reasonableness, with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. Under the second prong of the *Strickland* test, Jenkins must affirmatively show that counsel's deficient performance prejudiced his case. *Strickland,* 466 U.S. at 692-93. Because Jenkins pled guilty, he can only establish prejudice by showing a reasonable probability that, but for counsel's errors, he would have proceeded to trial instead of pleading guilty. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *United States v. Nahodil,* 36 F.3d 323, 326 (3d Cir. 1994).

        1. <u>Counsel's failure to inform Jenkins of punishment</u>

Jenkins argues that counsel did not inform him of the punishment he would face as a result of pleading guilty. The record belies this claim. Paragraph two of the plea agreement, which the Government read aloud at Jenkins' plea colloquy, specifically states that "Count I carries the following maximum penalty: 10 years imprisonment; 3 years supervised release, a $250,000 fine; and a $100 special assessment." (D.I. 49 at Exh. B.) During the plea colloquy, Judge Jordan asked Jenkins if: (1) he read the agreement and discussed it with his attorney; (2) he agreed with terms of the agreement and understood the meaning of the terms; (3) he understood the maximum penalties were the "possible penalties and consequences of [his] pleading guilty;" and (4) his counsel discussed how the Sentencing Commission guidelines might apply to his case. Jenkins responded "yes" to each of these questions. (D.I. 49, Exh. C at 6-10.) Judge Jordan informed Jenkins that he would not be able to determine the guidelines

sentence until after the pre-sentence report, and then asked Jenkins if he understood that the court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the guidelines. Once again, Jenkins replied that he understood. *Id.* Finally, Jenkins stated that he was "very satisfied" with his attorney's representation and the advice she gave during his case. *Id.* at 5.

Jenkins' statements that he understood the terms of his plea agreement, and that he was satisfied with his counsel's representation, made under oath in open court, carry a strong presumption of verity, and his vague allegation regarding counsel's failure to inform him about the punishment he was facing does not overcome that presumption. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Moreover, because Judge Jordan advised Jenkins of the maximum penalty during the plea colloquy, Jenkins cannot demonstrate that he would have proceeded to trial instead of deciding to plead guilty but for counsel's alleged failure to inform him of the possible penalty. Accordingly, the court will deny Jenkins' first ineffective assistance of counsel claim as meritless.

### 2. Counsel failed to perfect a defense

In his next claim, Jenkins cursorily asserts that counsel failed to "perfect a defense," but fails to explain the basis of this claim or demonstrate that he would have proceeded to trial but for counsel's alleged failure. The court will deny the instant claim because Jenkins' unsupported contention is insufficient to demonstrate prejudice under *Strickland*. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995)("A defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's error he would have

7

pleaded not guilty and gone to trial."), *superseded by statute on other grounds as stated in Dickerson v. Vaughn*, 90 F.3d 87 (3d Cir. 1996) .

### 3. Counsel coerced dismissal of appeal

Finally, Jenkins contends that defense counsel coerced him into dismissing his appeal. Once again, the record refutes this assertion. On November 17, 2003, Jenkins, through counsel, filed a document in the Third Circuit Court of Appeals titled "Motion for Voluntary Dismissal of Appeal," which also contained a notarized affidavit signed by Jenkins. In the affidavit, Jenkins averred:

> I, Appellant Samuel Jenkins, hereby state that I wish to voluntarily dismiss my appeal in the above-captioned case. In this regard, my attorney, Eleni Kousoulis, has fully informed me of the circumstances of my case and of the consequences of the dismissal of my appeal. Based upon this information I authorize my attorney to seek a voluntary dismissal of my appeal at this time.

(D.I. 49 at Exh. F.)  Jenkins does not dispute signing the affidavit, and the wording of the affidavit demonstrates the voluntary nature of Jenkins' decision to withdraw his appeal. Therefore, the court will deny Jenkins' last ineffectiveness claim because Jenkins has failed to demonstrate that counsel's performance in obtaining his consent to withdraw the appeal fell outside the wide range of professionally competent assistance.

### B. Claims two, three, four, five, six, and seven are procedurally barred

It is well-settled that "habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States,* 523 U.S. 614, 621 (1998). When a defendant fails to raise a claim on direct review, the claim is procedurally defaulted, thereby preventing collateral review of the claim absent a showing of cause for the default and actual prejudice resulting therefrom, or that failure to consider the claim will result in a miscarriage of

justice because the defendant is actually innocent. *Id.* at 622; *United States v. Frady,* 456 U.S. 152, 167-68 (1982); *United States v. Essig,* 10 F.3d 968, 979 (3d Cir. 1993)(holding that "*Frady*'s cause and prejudice standard applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed.").

To demonstrate cause for a procedural default, Jenkins must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Jenkins can demonstrate actual prejudice by showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray,* 477 U.S. at 494. Finally, to establish actual innocence, Jenkins must show that "'in light of all the evidence' . . . it is more likely than not no reasonable juror would have convicted him." *Bousley,* 523 U.S. at 623. In addition, actual innocence means factual innocence, not mere legal insufficiency. *Id.*

Here, although Jenkins filed a direct appeal, he voluntarily withdrew the appeal before the Third Circuit Court of Appeals had an opportunity to review its merits. Therefore, claims two, three, four, five, six, and seven are procedurally defaulted;[3] the court can only consider the claims if Jenkins demonstrates cause and prejudice, or his actual innocence.

Jenkins appears to assert ineffective assistance of counsel as cause for his procedural default. Ineffective assistance of counsel can constitute cause for a procedural default only if counsel's ineffectiveness "rise[s] to the level of a constitutional deprivation under *Strickland.*"

---

[3]Claim one is not procedurally defaulted because ineffective assistance of counsel claims are properly raised for the first time in a § 2255 motion.

*See Murray*, 477 U.S. at 488; *United States v. Mannino,* 212 F.3d 835, 840 (3d Cir. 2000). The court has already determined that defense counsel did not perform ineffectively with respect to Jenkins' voluntary withdrawal of his direct appeal. *See supra* at p.8; *see also, Ellman v. Davis,* 42 F.3d 144, 148 (2d Cir. 1994)(holding that a defendant's voluntarily withdrawal of direct appeal does not constitute cause for a default). Therefore, counsel's performance cannot excuse Jenkins' default.

In the absence of cause, the court does not need to address the issue of prejudice.[4] *See Smith v. Murray,* 477 U.S. 527, 533 (1986). Further, given Jenkins' failure to provide the court with new and reliable evidence of his actual innocence, Jenkins has failed to demonstrate that these claims should be reviewed in order to prevent a miscarriage of justice. Thus, the court will deny claims two, three, four, five, six, and seven as procedurally barred.

### C. Additional grounds for denying claims three, four, five, and seven

#### 1. Claims three and five

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255 by asserting jurisdictional errors, constitutional violations, or that their proceedings resulted in a "complete miscarriage of justice" or were "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck,* 441 U.S. 780, 784 (1979).

---

[4]Nevertheless, the court notes that Jenkins cannot demonstrate prejudice with respect to claim two because nothing in the plea agreement explicitly limits or prohibits the Government's ability to advocate for a sentencing enhancement. Additionally, provision 4 of the plea agreement, which asserts that the "United States agrees to recommend a three-level reduction in the offense level pursuant to United States Sentencing Guidelines Section 3E.1 for the defendant's affirmative acceptance of responsibility,"does not even implicitly limit the Government's ability to argue for a sentencing enhancement. (D.I. 49, Exh. B at p.2)

In claim three of his § 2255 motion, Jenkins contends that the Government witness was not qualified to testify as an expert during his sentencing hearing because she was not licensed or certified as a social worker in domestic abuse cases, and she was not experienced in identifying domestic abuse victims. Claim five asserts that the prosecutor improperly injected her personal opinions during his sentencing hearing. Neither of these claims assert jurisdictional or constitutional errors, and Jenkins has failed to demonstrate that the admission of the expert testimony or the alleged injection of the prosecutors personal opinions rendered the sentencing proceeding irregular and invalid. *See Hill v. United States*, 368 U.S. 424, 428 (1962)(non-constitutional errors may only be considered on collateral review if the error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice [] or an omission inconsistent with the rudimentary demands of fair procedure."). Therefore, the court concludes that claims three and five do not assert issues cognizable in a § 2255 proceeding.

2. Claims four and seven

Claim four contends that Judge Jordan misapplied the sentencing guidelines because the charge against Jenkins stemmed from his violation of a protection of abuse order and not from a domestic violence incident, and also because domestic violence is not a felony. In claim seven, Jenkins argues that "[a]s possession of a firearm by a prohibited person is an element of the offense, and was the only element brought before the jury,[5] the enhancements used against defendant to increase his sentence, [sic] was [sic] unconstitutional and in violation of his due process rights." (D.I. 39.) The court liberally construes these claims to challenge the four-point enhancement of Jenkins' sentence as being based on facts not admitted in the plea agreement or

---

[5]Jenkins pled guilty, thus, there was no jury.

11

during the plea colloquy in violation of *United States v. Booker,* 543 U.S. 220 (2005).[6] Nevertheless, claims four and seven do not warrant relief because the principles announced in *Booker* do not apply retroactively to Jenkins' case.[7] *See Lloyd,* 407 F.3d at 616 ("*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* was issued.").

V.  **CERTIFICATE OF APPEALABILITY**

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Additionally, when a court denies a habeas claim on procedural grounds without reaching the underlying constitutional issues, the petitioner must demonstrate that reasonable jurists would find it debatable: (1) wether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in is procedural rule. *Id.* If the district court correctly invokes a plain procedural bar to dispose of a case, "a reasonable jurist

---

[6]Jenkins filed his § 2255 motion while *Booker* was still pending before the Supreme Court, but after the Supreme Court had issued its decision in *Blakely v. Washington,* 542 U.S. 296 (2004). Nevertheless, the court views the claims as asserted pursuant to *Booker* rather than *Blakely* because *Blakely* involved the application of a state's sentencing guidelines, and *Booker* involved the application of the federal sentencing guidelines. *See Lloyd v. United States,* 407 F.3d 608, 611 (3d Cir. 2005).

[7]Jenkins' conviction became final in 2003, well before the *Booker* decision was filed on January 12, 2005.

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The court is denying Jenkins' § 2255 motion after determining that his claims are either meritless, procedurally barred, or not cognizable on federal habeas review. The court is persuaded that reasonable jurists would not find these assessments debatable. Therefore, the court will not issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Jenkins' 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence is dismissed. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL JENKINS III,             ) | |
|                 Petitioner,   ) | |
| v.                                              ) | Civ. A. No. 04-934-GMS |
|                                 ) | Cr. A. No. 03-13-GMS |
| UNITED STATES OF AMERICA,     ) | |
|                 Respondent.  ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

1. Petitioner Samuel Jenkins III's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED, and the relief requested therein is DENIED. (D.I. 39.)

2. A certificate of appealability will not issue for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

Oct 31, 2007
Wilmington, Delaware

CHIEF UNITED STATES DISTRICT JUDGE



FILED
NOV - 1 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE